IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                     CRIMINAL 06-0158 (ADC)

[8] REYNALDO RÍOS RODRÍGUEZ,

Defendant

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11(c)(1)(B) PROCEEDINGS (PLEA OF GUILTY)

I.    Personal Background

On May 10, 2006, Reynaldo Ríos Rodríguez, the defendant herein, was charged in a one count-indictment.  The defendant agrees to plea guilty to the only count of the indictment.

Count one charges that the defendant conspired, confederated, and agreed with other co-defendants to possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Controlled Substance; five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Controlled Substance; fifty grams or more of cocaine base (commonly known as "crack" cocaine), a Schedule II, Narcotic Controlled Substance; and one hundred kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, within one thousand feet of, the real property comprising of a housing facility owned by a public housing authority, that is, the Juan Jiménez García Public Housing Project, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A) & (B), and § 860.  All in violation of 21 U.S.C. § 846.

Defendant filed a motion for change of plea on August 29, 2006.

CRIMINAL 06-0158 (ADC)                    2

II.      Consent to Proceed Before a Magistrate Judge

         On September 8, 2006, while assisted by Ramón González Santiago, Esq., the

defendant, by consent, appeared before me in order to change his previous not guilty

plea to a plea of guilty as to the only count of the indictment.

         In open court the defendant was questioned as to the purpose of the hearing

being held.  The defendant responded that the purpose of the hearing was to plead

guilty.  The defendant was advised of his right to have all proceedings, including the

change of plea hearing, before a United States district judge.  Defendant was given

notice of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries

were to be conducted under oath and that it was expected that his answers would

be truthful (he was also explained that the consequences of lying under oath could

lead to a perjury charge); and (c) his right to have the change of plea proceedings

presided over by a district judge instead of a magistrate judge.  The defendant was

also explained the differences between the appointment and functions of the two.

The defendant consent to proceed before this magistrate judge.

III.     Proceedings Under Rule 11, Federal Rules of Criminal Procedure

         A.  Compliance With Requirements Rule 11(c)(1)

              Rule 11 of the Federal Rules of Criminal Procedure governs the
         acceptance of guilty pleas to federal criminal violations.  Pursuant to
         Rule 11, in order for a plea of guilty to constitute a valid waiver of the
         defendant's right to trial, guilty pleas must be knowing and voluntary:
         "Rule 11 was intended to ensure that a defendant who pleads guilty
         does so with an 'understanding of the nature of the charge and
         consequences of his plea.'"  United States v. Cotal-Crespo, 47 F.3d 1, 4
         (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467
         (1969)).  [There are three core concerns in these proceedings]:  1)
         absence of coercion; 2) understanding of the charges; and 3) knowledge
         of the consequences of the guilty plea.  United States v. Cotal-Crespo, 47
         F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st
         Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

CRIMINAL 06-0158 (ADC)                    3

In response to further questioning, defendant was explained and he understood that if convicted on count one, based on the amount of narcotics stipulated between the parties, the maximum penalty for the offense charged in count one is a minimum term of five years and a maximum term of 40 years incarceration.  Additionally, the court must impose a term of supervised release of at least four years after the period of incarceration.  The court may also impose a fine not to exceed $2,000,000.

The court must impose a mandatory penalty assessment of $100, per offense, to be deposited in the Crime Victim Fund, pursuant 18 U.S.C. § 3013.

Defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea if he was unhappy with the sentence of the court.  The defendant understood this.

Defendant was explained what the supervised release term means.  It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone.  Defendant responded to questions in that no promises, threats, inducements or predictions as to what sentence will be imposed have been made to him.

B.  Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.  To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

CRIMINAL 06-0158 (ADC)                4

2.   To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to his decision not to testify.

3.   To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.   To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

5.   To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

C.  Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and would be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that when he were under supervised release, and upon violating the conditions of such release, that privilege could be

CRIMINAL 06-0158 (ADC)                    5

revoked and he could be required to serve an additional term of imprisonment.  He was also explained that parole has been abolished.

D.  Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record.  Defendant was clearly warned and recognized having understood that:

1.   The plea agreement is not binding upon the sentencing court.

2.   The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3.   The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4.   In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the possible maximum penalty prescribed by statute.

Defendant acknowledged having understood this explanation.

E.  Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence with which the defendant basically concurred.

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged.  Defendant chooses not to engage in the "safety valve" provisions.

CRIMINAL 06-0158 (ADC)                    6

**F. Voluntariness**

The defendant accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.  He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

**IV.  Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to the only count of the indictment.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Reynaldo Ríos Rodríguez is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific

CRIMINAL 06-0158 (ADC)                    7

objections to the report and recommendation is a waiver of the right to review by the district court.  <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 9th day of September, 2006.

S/ JUSTO ARENAS
Chief United States Magistrate Judge